UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KENNETH ALLEN WASHINGTON,

    Plaintiff,

    v.                               CAUSE NO. 3:20-CV-461-DRL-MGG

RAYL, et al.,

    Defendants.

OPINION AND ORDER

Kenneth Allen Washington, a prisoner without a lawyer, filed a motion to amend his complaint. ECF 65. However, he need not have filed a motion because he may amend "once as a matter of course" at this stage without the court's permission. *See* Fed. R. Civ. P. 15(a)(1)(A). Although the motion was unnecessary, it will be granted, the clerk will be directed to docket the proposed amended complaint separately (ECF 65-1), and the court will proceed to screen it.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Washington alleges that on either August 1 or 2 or September 1 or 2, 2019, he was ordered to sit in a restraint chair while being booked into the St. Joseph County Jail. Deputies Rayl, Raven, and Mirrlle strapped him into the chair and rolled him down the hallway into the shower area. Once there, the deputies began to get "aggressive" with him. ECF 65-1 at 3. Deputy Raven told him they "need[ed] this shirt" and began to choke him. *Id*. Deputy Mirrlle grabbed him and tried to force the shirt over his head. Mr. Washington begged them to slow down, but all three deputies proceeded to pick up the chair—to which Mr. Washington was still strapped—and turn it upside down. They counted to three and then dropped him on his head onto the concrete floor. Mr. Washington screamed for help, but no on assisted him. Sgt. Deputy Vawispowski recorded the whole incident on a video camera and never ordered the other deputies to stop. Moments later, Deputy Fowler, who is not named as a defendant, ran into the shower area while Mr. Washington was still upside-down; he helped the other deputies right the chair. Mr. Washington showed the deputies a bruise and scrape on his forehead, but they proceeded to place him into a padded cell and left him there. Mr. Washington requests monetary damages.

Mr. Washington lists himself as "confined awaiting trial." *Id*. at 5. Accordingly, because he is a pretrial detainee, his claims must be assessed under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). A pretrial detainee cannot be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). "If a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does

not, without more, amount to 'punishment.'" *Id*. at 539. "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Id*. "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions 'appear excessive in relation to that purpose.'" *Kingsley*, 576 U.S. at 398 (*quoting Bell*). To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must show that "the force purposefully or knowingly used against him was objectively unreasonable." *Id*. at 396-97. In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, the severity of the security problem, the threat the officer reasonably perceived, and whether the plaintiff was actively resisting. *Id.* at 397.

Here, Mr. Washington alleges Deputies Rayl, Raven, and Mirrlle violently assaulted him while he was fully restrained in a chair. These allegations plausibly suggest the use of force was objectively unreasonable under the circumstances. Thus, Mr. Washington has stated excessive force claims against Deputy Rayl, Deputy Raven, and Deputy Mirrlle. In addition, "police officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but fail to do so [may be] held liable." *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000). Giving Mr. Washington the benefit of the inferences to which he is entitled at this stage, he has alleged Sgt. Deputy Vawispowski was present and involved during

the entire assault and had a realistic opportunity to have stopped the other deputies from using excessive force against him. Although further factual development may show otherwise, he has alleged enough to proceed past the pleading stage on a claim against him for failure to intervene.

For these reasons, the court:

(1) GRANTS the motion to amend (ECF 65);

(2) DIRECTS the clerk to separately docket the amended complaint (ECF 65-1);

(3) GRANTS Kenneth Allen Washington leave to proceed against Deputy Rayl, Deputy Raven, and Deputy Mirrlle in their individual capacities for compensatory and punitive damages for placing him in a restraint chair, assaulting him, and dropping him on his head on either August 1 or 2 or September 1 or 2, 2019, in violation of the Fourteenth Amendment;

(4) GRANTS Kenneth Allen Washington leave to proceed against Sgt. Deputy Vawispowski in his individual capacity for compensatory and punitive damages for failing to intervene to prevent him from being placed in a restraint chair, assaulted, and dropped on his head on either August 1 or 2 or September 1 or 2, 2019, in violation of the Fourteenth Amendment;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Deputy Rayl, Deputy Raven, Deputy Mirrlle, and Sgt. Deputy Vawispowski at the St.

Joseph County Jail, with a copy of this order and the amended complaint (ECF 65-1), pursuant to 28 U.S.C. § 1915(d);

(7) ORDERS the St. Joseph County Sheriff's Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Deputy Rayl, Deputy Raven, Deputy Mirrlle, and Sgt. Deputy Vawispowski to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

August 3, 2021                                    *s/ Damon R. Leichty*
                                                                  Judge, United States District Court