UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KENNETH ALLEN WASHINGTON,

   Plaintiff,

  v.              CAUSE NO. 3:20-CV-461 DRL-MGG

RAYL *et al.*,

   Defendants.

## OPINION AND ORDER

  Kenneth Allen Washington, a prisoner without a lawyer, filed a motion to amend his amended complaint. ECF 73. He says he wants to provide additional details regarding the incident, describe his attempts at exhaustion, and clarify certain dates. "Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (quoting *Payne v. Churchich*, 161 F.3d 1030, 1036 (7th Cir. 1998) and Fed. P. Civ. P. 15(a)). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id*. Here, although the proposed amendments do not alter the claims or defendants against which Mr. Washington was allowed to proceed (*see* ECF 70), in the interests of justice—and in order to clarify the record, particularly the dates—the court will grant the motion to amend.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Washington alleges that on September 2, 2019, he was ordered to sit in a restraint chair while being booked into the St. Joseph County Jail. Deputies Rayl, Raven, and Mirrlle strapped him into the chair and rolled him down the hallway into the shower area. Once there, the deputies began to get "aggressive" with him. ECF 73-1 at 4. Deputy Raven told him they "need[ed] this shirt" and began to choke him. *Id*. Deputies Mirrlle and Rayl grabbed him and tried to force the shirt over his head. Mr. Washington begged them to slow down, but all three deputies proceeded to pick up the chair—to which Mr. Washington was still strapped—turn it upside down, and drop him on his head onto the concrete floor. Mr. Washington screamed for help, but no on assisted him. Deputy Sgt. Vawispowski recorded the whole incident on a video camera and never ordered the other deputies to stop. Moments later, Deputy Fowler ran into the shower area while Mr. Washington was still upside-down, and he helped the other deputies right the chair. Mr. Washington suffered a large bruise and scrape on his forehead along with pain in his neck.

After the incident, Mr. Washington was rolled into a booking intake holding cell where he was kept for over two hours. Sometime later, he was placed in a padded cell where he remained until September 9, 2019. He informed several prison officials what had happened to him, but nothing was done. He claims, without additional elaboration, that he was denied medical attention and meals for over 48 hours. He was eventually given pain medication. Mr. Washington has sued Deputies Rayl, Raven, and Mirrlle and Deputy Sgt. Vawispowski for monetary damages.[1]

The events occurred when Mr. Washington was housed at the St. Joseph County Jail following his arrest. Accordingly, because he was a pretrial detainee at that time, his claims must be assessed under the Fourteenth Amendment. *Miranda v. Cty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). A pretrial detainee cannot be punished without due process of law. *Bell v. Wolfish*, 441 U.S. 520 (1979). However, "[i]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id*. at 539. "In evaluating the constitutionality of conditions or restrictions of pretrial detention . . . the proper inquiry is whether those conditions amount to punishment of the detainee." *Id*. "[I]n the absence of an expressed intent to punish, a pretrial detainee can nevertheless prevail by showing that the actions are not 'rationally related to a legitimate nonpunitive governmental purpose' or that the actions

---

[1] Mr. Washington describes his attempts at exhaustion at length, but these details are not relevant to the court's screening order. Of note, however, Mr. Washington states that he began attempting to grieve the incident in March of 2020, approximately five months after it occurred.

'appear excessive in relation to that purpose.'" *Kingsley*, 576 U.S. at 398 (*quoting Bell*). To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must show that "the force purposefully or knowingly used against him was objectively unreasonable." *Id*. at 396-97. In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, the severity of the security problem, the threat the officer reasonably perceived, and whether the plaintiff was actively resisting. *Id.* at 397.

Here, Mr. Washington alleges Deputies Rayl, Raven, and Mirrlle violently assaulted him while he was fully restrained in a chair. These facts plausibly suggest the use of force was objectively unreasonable under the circumstances. Thus, Mr. Washington has stated excessive force claims against Deputy Rayl, Deputy Raven, and Deputy Mirrlle. In addition, "police officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but fail to do so [may be] held liable." *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000). Giving Mr. Washington the benefit of the inferences to which he is entitled at this stage, he has alleged Deputy Sergeant Vawispowski was present and involved during the entire assault and had a realistic opportunity to have stopped the other deputies from using excessive force against him. Although further factual development may show otherwise, he has alleged enough to proceed past the pleading stage on a claim against him for failure to intervene.

For these reasons, the court:

4

(1) GRANTS the motion to amend (ECF 73);

(2) DIRECTS the clerk to separately docket the second amended complaint (ECF 73-1);

(3) GRANTS Kenneth Allen Washington leave to proceed against Deputy Rayl, Deputy Raven, and Deputy Mirrlle in their individual capacities for compensatory and punitive damages for placing him in a restraint chair, assaulting him, and dropping him on his head on September 2, 2019, in violation of the Fourteenth Amendment;

(4) GRANTS Kenneth Allen Washington leave to proceed against Deputy Sgt. Vawispowski in his individual capacity for compensatory and punitive damages for failing to intervene to prevent him from being placed in a restraint chair, assaulted, and dropped on his head on placing him in a restraint chair on September 2, 2019, in violation of the Fourteenth Amendment;

(5) DISMISSES all other claims;

(6) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Deputy Rayl, Deputy Raven, Deputy Mirrlle, and Deputy Sgt. Vawispowski at the St. Joseph County Jail, with a copy of this order and the second amended complaint (ECF 73-1), pursuant to 28 U.S.C. § 1915(d);

(7) ORDERS the St. Joseph County Sheriff's Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Deputy Rayl, Deputy Raven, Deputy Mirrlle, and Deputy Sgt. Vawispowski to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

August 19, 2021     *s/ Damon R. Leichty*
                    Judge, United States District Court