UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KENNETH ALLEN WASHINGTON,

    Plaintiff,

    v.                                CAUSE NO.: 3:20-CV-461-DRL

RAYL et al.,

    Defendants.

OPINION AND ORDER

Kenneth Allen Washington, a prisoner without a lawyer, is proceeding in this case on two claims. First, he is proceeding against Deputy Kevin Rayl, Deputy Michael Rauen, and Deputy Nicholas Merrill in their individual capacities for compensatory and punitive damages "for placing him in a restraint chair, assaulting him, and dropping him on his head on September 2, 2019, in violation of the Fourteenth Amendment[.]" ECF 74 at 5. Second, he is proceeding against Assistant Warden Rachel Zawistowski in her individual capacity "for compensatory and punitive damages for failing to intervene to prevent him from being placed in a restraint chair, assaulted, and dropped on his head on September 2, 2019, in violation of the Fourteenth Amendment[.]" *Id.* The defendants moved for summary judgment. ECF 210. Mr. Washington filed a response, and the defendants filed a reply. ECF 228, 236, 240. The summary judgment motion is now ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable

jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

To establish an excessive force claim under the Fourteenth Amendment, the plaintiff must show that "the force purposefully or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). In determining whether force was objectively unreasonable, courts consider such factors as the relationship between the need for force and the amount of force that was used, the extent of any injuries the plaintiff suffered, the severity of the security problem, the threat the officer reasonably perceived, and whether the plaintiff was actively resisting. *Id.* at 397.

The defendants provide an affidavit from Assistant Warden Zawistowski. On September 2, 2019, Assistant Warden Zawistowski was working as a supervisor at St. Joseph County Jail when police escorted Mr. Washington into the jail. ECF 212-1 at 1. Mr.

Washington was brought into the sallyport, where jail staff took him into custody, assisted him into the jail vestibule, and sat him on a bench. *Id.* at 2. While in the vestibule, Mr. Washington was acting erratically, repeatedly shouting that jail staff was going to kill him. *Id.* He began to calm down somewhat but would sporadically start screaming for help while trying to get up from the bench. *Id.* Jail staff assisted Mr. Washington back onto the bench and ordered him to remain seated until he calmed down. *Id.* Once Mr. Washington calmed down, he was ordered to stand up to be searched. *Id.* However, once jail staff began searching Mr. Washington, he began interfering with the pat down by moving back and forth quickly. *Id.* Jail staff placed Mr. Washington on the ground to search him and remove his excess clothing. *Id.*

After Mr. Washington was searched, he was picked up and placed in a safety restraint chair for his safety and the safety of jail staff. ECF 212-1 at 2. Mr. Washington tried to stand up, and he was held down in the chair by jail staff while the lap and ankle restraints were secured. *Id.* Mr. Washington refused orders to lean forward, so jail staff moved his upper torso forward so the handcuffs could be removed and the remaining restraints could be secured. *Id.* at 3. Jail staff then attempted to remove his sweatshirt, but they were unable to do so because he was thrashing his upper body. *Id.* At that point, Mr. Washington was evaluated by a nurse, cleared of all injuries, and transported in the restraint chair into a detox cell where he was monitored by jail staff. *Id.*

After approximately an hour or two in the detox cell, jail staff escorted Mr. Washington in the restraint chair to the showers so he could be dressed in the jail uniform. ECF 212-1 at 3. Jail staff removed Mr. Washington's right arm from the restraint and

removed it from his sweatshirt without incident, but when they attempted to re-secure his right arm in the restraint, he began to thrash and pull away. *Id.* at 4. Mr. Washington struggled with jail staff and refused numerous orders to stop resisting. *Id.* Eventually, after applying pressure to Mr. Washington's upper body and utilizing pressure point control techniques, jail staff was able to resecure his right wrist in the wrist restraint and his right shoulder in the shoulder restraint. *Id.* The rest of Mr. Washington's sweatshirt was cut off from his body for safety purposes, and he was transported in the restraint chair back to a detox cell where he was again monitored by jail staff. *Id.* at 5. After another hour or two in the detox cell, jail staff rolled Mr. Washington out of the cell, removed him from the restraint chair, and placed him in a padded cell without incident. *Id.* At no time did jail staff pick up the restraint chair and flip it upside down or drop Mr. Washington on top of his head. *Id.* At no time did jail staff physically interact with Mr. Washington when a camera was not recording. *Id.* at 6.

Assistant Warden Zawistowski's attestations show the defendants used only reasonable force against Mr. Washington, as they used only enough force as was reasonably necessary to maintain order and gain Mr. Washington's compliance. *See Kingsley*, 576 U.S. at 397. Mr. Washington must provide evidence raising a genuine dispute as to whether the force used was objectively unreasonable.

In his response, Mr. Washington objects to all of the defendants' facts and reiterates his assertions that the defendants turned him upside down in the restraint chair and repeatedly choked him and slammed him into the ground while he was in restraints. ECF 228. However, when "the evidence includes a videotape of the relevant events, the

4

Court should not adopt the nonmoving party's version of the events when that version is blatantly contradicted by the videotape." *Williams v. Brooks*, 809 F.3d 936, 942 (7th Cir. 2016) (citing *Scott v. Harris*, 550 U.S. 372, 379-80 (2007)). Here, Mr. Washington's version of events is notably contradicted by the video evidence. Specifically, the video recordings support Assistant Warden Zawistowski's affidavit and show the defendants consistently used reasonable force to maintain control of the situation, overcome Mr. Washington's resistance, and ensure his safety and the safety of jail staff. The video recordings do not support Mr. Washington's assertion the defendants flipped over the restraint chair or otherwise used excessive force against him; and Mr. Washington provides no evidence disputing Assistant Warden Zawistowski's attestation that jail staff never interacted with him when a camera was not recording. Based on the video evidence, no reasonable jury could conclude the defendants violated Mr. Washington's Fourteenth Amendment rights. *See Scott*, 550 U.S. at 380-81 (where a videotape "utterly discredited" the plaintiff's version of events, summary judgment should have been granted for police officer on excessive force claim). Summary judgment is therefore warranted in favor of the defendants.[1]

For these reasons, the court:

(1) GRANTS the defendants' summary judgment motion (ECF 210); and

---

[1] In his response, Mr. Washington also requests a continuance under Fed. R. Civ. P. 56(f) so he can obtain declarations from various witnesses. ECF 228 at 1-8. But Rule 56(f) does not provide for a continuance and, regardless, additional declarations would be unable to contradict the video evidence showing the defendants used only reasonable force. Moreover, the court notes Mr. Washington states in his response that he did not receive certain affidavits attached to the defendants' summary judgment motion (ECF 228 at 1), but it appears Mr. Washington crossed this statement out and he responds at length to each of the defendants' affidavits.

5

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Kenneth Allen Washington and to close this case.

SO ORDERED.

April 19, 2023                                             *s/ Damon R. Leichty*
                                                           Judge, United States District Court